The Chief Justice
delivered the opinion of the court.
As an indemnity to Howard for becoming security to Porter in a replevin bond, the latter delivered to the former a bond which he held on Green Clay for the conveyance of a tract of land on which Porter then lived, and of which be afterwards died possessed, and neither Porter nor his representatives having paid the replevin bond when it became due, Howard filed his bill in chancery against Porter’s heirs and administrators and Clay, and praying for a decree subjecting the land to be sold in satisfaction of the debt 011 Jhe replevin bond. On a final hearing, the circuit court decreed a sale of t he land, according to the prayer of the bill, and to that decree this writ of error is prosecuted by Porter’s heirs and administrators,
As the bond which Porter held on Clay for the convey-anee of the land, was delivered to Howard as an indemnity for becoming security in the replevin bond, there can be no d°ubt of Howard’s right to retain the possession of the land until he is indemnified; but it does not follow as a ne* cessary consequence, that he has a lien upon the land which he may enforce by a suit in chancery. He could ac* quire such a iiea only through a contract and agreement *359 with Porter for that purpose, añd a contract or agreement for that purpose must, according to the provisions of the statute against frauds and perjuries, be evidenced by writing. But there is not only no written evidence of such a contract or agreement, but the bill does not even alledge that such a contract or agreement was made. As it is evident that Howard could not, without having such a lien upon the land, maintain his bill to subject it to sale, the decree to that effect must be erroneous. Howard might no doubt have maintained his bill to have the money refunded, if he had paid it before the commencement of this suit, but there is no allegation of the payment; on the contrary, it is inferrible from the bill itself, that the money had not been paid when the bill was filed.
Nor will ? co“^' ⅛ sale,on the prayer of the sure,y>t,le a-í¡ver¡ng the bowl as anin-Aemmty, be-meley .If the sure-tv 11 ss Paid court^’vh'l sustain ids bill, praying a reimburse-rrent.
Hardin for appellee.
The decree must be reversed with costs, and the cause remanded, that the bill may be dismissed with costs, but without prejudice to any other suit to be brought by IIovv-„_j '